BOWMAN *v.* EAST ENTERPRISE STATE BANK.

[No. 14,841. Filed October 18, 1935.]

*Wm. M. Turner, Chas. A. Lowe,* and *Charles F. Remy,* for appellant.

*Estal G. Bielby,* and *Joseph Cooper,* for appellees.

DUDINE, C. J.—This was an action instituted by appellant against appellees to recover damages for· alleged wrongful appropriation and conversion of notes and moneys.·

The complaint was in two paragraphs. The second paragraph of complaint alleged that appellee Harry D. Stow was the cashier of appellee The East Enterprise State Bank, which bank shall hereinafter be referred to as "bank"; that appellee William P. Truitt was president of the bank; that appellant appointed and authorized said Harry D. Stow to act as clerk of a public sale of appellant's personal property, and as such clerk to accept notes and moneys from the purchasers at said sale, and to deposit the same in the bank to the credit of appellant; that said Stow accepted notes and moneys as aforesaid, aggregating $1,159.94, and deposited them in the bank in the name of appellant; that a few days later appellee George Bowman claimed said money and notes, and although appellant previously served written notice upon the bank and its officers not to transfer said moneys and notes to anyone except upon instructions from appellant; said bank and its officers did

transfer said moneys and notes to the account of appellee George Bowman without instructions so to do, from appellant. The complaint prayed judgment for the loss of said money and notes, plus interest.

The first paragraph of complaint was similar in general effect to the second paragraph.

Appellees filed two paragraphs of answer setting up a defense of *res adjudicata,* and a general denial. Appellant filed a reply in two paragraphs, viz., a general denial and a paragraph alleging repudiation, by appellees, of the contract upon which the answers of *res adjudicata,* were based.

The cause was submitted to the court for trial without a jury and the court found generally for the appellees and rendered judgment accordingly.

Appellant filed a motion for new trial, which was overruled, and perfected this appeal, the sole error relied upon for reversal being alleged error in overruling said motion for new trial. The questions whether or not the decision is sustained by sufficient evidence, and whether or not the decision is contrary to law, are presented.

The evidence indisputably shows that appellee Stow collected said money and notes as alleged in the complaint, and deposited the same in the bank to appellant's credit; that appellant learned that appellee George Bowman was claiming said moneys and notes, and although appellant instructed appellee Stow and the officers of the bank not to transfer the same from his (appellant's) account, the bank did transfer it to the account of appellee George Bowman.

The evidence further shows however, that appellant and appellee George Bowman were brothers; that they had conducted a general merchandise business as partners for several years; that they had otherwise transacted many items of business with each other; and that eventually, after said transfer of said money and notes

to the credit of George Bowman, the brothers had reached a disagreement as to the amount of indebtedness owing by one to the other. The evidence further shows that on March 24, 1930, appellant filed suit against appellee Stow and the bank for conversion of the same notes and money; that on May 12, 1930, appellant and appellee George Bowman executed an agreement as to the "controversies involved in said action," wherein it was agreed that said action be dismissed "as compromised and settled." Said suit was dismissed upon plaintiff's motion. The complaint in the cause before us was filed February 13, 1931.

Appellant contends the evidence does not substantiate the pleas of *res adjudicata,* because the record of the dismissal of said suit does not show a final judgment, but merely shows a dismissal at plaintiff's cost.

The evidence clearly shows that said dismissal was not a dismissal without prejudice, but that it involved the merits of the cause; therefore it constituted a complete bar to another suit against the party defendants in that cause on the same subject matter; i. e., for conversion of said notes and moneys. See 15 R. C. L., p. 982, sec. 453. See also 34 C. J. 787, sec. 1205.

Although appellees Nannie Stow, William P. Truitt, and George Bowman were not parties to said first suit, the court was justified in finding in the cause at bar in their favor by the evidence of said agreement, by which agreement the parties thereto agreed that "all claims, demands and actions existing in favor of Oscar Bowman (appellant) against said George Bowman are hereby forever compromised, settled and released and any and all claims, actions and demands existing in favor of said George Bowman and arising out of the mutual partnership and mutual dealings of the parties against the said Oscar Bowman are hereby

compromised settled and released." (Quotation from said agreement.) Said agreement was a settlement and adjustment of the subject matter of the suit at bar.

Appellant contends that the evidence shows without conflict that appellee George Bowman wholly repudiated said compromise agreement, and refused to carry it out, and therefore appellant was likewise re-. leased from its provisions. It is not necessary for us to decide whether or not such a repudiaticn of said compromise agreement by appellee George Bowman would prevent appellees from pleading said dismissal as *res adjudicata* of the issues involved in said cause, and we do not decide that question. It is sufficient, as to appellant's said contention, to note that the evidence is conflicting as to whether or not appellee George Bowman repudiated said compromise agreement, and therefore we hold that the evidence sustains the finding, which the court presumably made in this cause, that appellee George Bowman did not repudiate said agreement.

Appellant also complains because of the admission and rejection of evidence. We deem it sufficient to say that we have considered appellant's contentions concerning the admission and rejection of evidence, and hold that no reversible error was committed by the court in admitting or rejecting the evidence complained of by appellant,

No reversible error having been shown, the judgment is affirmed.